JOHN C. DANENHOWER, TRUSTEE IN BANKRUPTCY OF
CRAMER & ROGERS GROCERY COMPANY, RESPOND-
ENT, v. JAMES H. BIRCH, JR., APPELLANT.

JOHN C. DANENHOWER, TRUSTEE IN BANKRUPTCY OF
CRAMER & ROGERS GROCERY COMPANY, RESPOND
ENT, v. JOHN W. STONE, APPELLANT.

Submitted December 5, 1921—Decided March 6, 1922.

1. In an action brought to recover a debt or liquidated damages of
the character designated in rule 80 of the Supreme Court, a frivo-
lous or sham defence may be struck out and judgment final en-
tered, upon motion of the plaintiff, supported by affidavit of a
person cognizant of the facts, verifying the cause of action, and
stating the amount claimed and his belief that there is no defence
to the action, unless the defendant by affidavit or other proofs
shall show such facts as may be deemed by the judge hearing the
motion sufficient to entitle him to defend.

2. In a suit by a trustee of a bankrupt corporation in a state court
to recover an assessment for the amount remaining unpaid upon
a stock subscription in order to pay the debts of the corporation,
the assessment, made by the referee in bankruptcy after hearing
the stockholders, and affirmed by the United States District
Court, is conclusive upon the stockholders as to the fact that the
assessment is necessary, as to the amount of money required to be
raised by the assessment, and as to the *pro rata* of each share of
stock upon which the assessment is made.

On appeal from the Supreme Court.

For the appellants, *James Mercer Davis.*

For the respondent, *Carr & Carroll* (*Walter R. Carroll* on
the brief).

The opinion of the court was delivered by

TRENCHARD, J. These two cases were argued together and
involve the same legal question, namely, was judgment rightly
ordered for the plaintiff?

The situation as disclosed by the record was this: The defendants, Birch and Stone, were respectively stockholders in the Cramer & Rogers Grocery Company, a New Jersey corporation. Their stock was not full-paid stock. The company was adjudged a bankrupt in the United States District Court for the district of New Jersey, and the plaintiff was appointed trustee. He then instituted proceedings for the purpose of obtaining leave to levy an assessment on the stock of these two stockholders in order to pay the debts and obligations of the bankrupt. In response to a rule to show cause why the assessment should not be made, allowed by the referee in bankruptcy, both defendants appeared, and were fully heard. The referee concluded that the defendants had received the stock held by them respectively without paying for it and with knowledge as to its assessability, and directed an assessment of $8.03 per share, found to be necessary, which as to Birch amounted to $401.50 and as to Stone to $2,409. Both defendants presented to the District Court a petition for the review of that order and on the hearing thereof both were represented by counsel. The result of the hearing was an affirmance of the referee's order. Thereupon the trustee in bankruptcy began these suits to recover the amounts of such assessments, the respective complaints setting up the pertinent matters of fact above recited.

The defendants respectively answered and the plaintiff moved, before a justice of the Supreme Court, to strike out the answers and for final judgments upon the ground, among others, that they were sham and frivolous and no defence to the action.

The justice struck out the answers and entered final judgments, and we think rightly.

Both answers admitted the matters of fact in the respective complaints, except that each defendant denied (1) that he was the owner of the stock, and (2) that there is $8.03 due on the stock per share; and each averred (3) that he was a *bona fide* holder of the stock for value, and (4) that he had taken an appeal.

Now, in an action brought to recover a debt or liquidated damages of the character designated in rule 80 of the Supreme Court (such as the present), a frivolous or sham defence may be struck out and judgment final entered, upon motion of the plaintiff, supported by affidavit of a person cognizant of the facts, verifying the cause of action, and stating the amount claimed and his belief that there is no defence to the action, unless the defendant by affidavit or other proofs shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend. *Practice act 1912, p. 380, § 15; Sup. Ct. Rules 80, 81; Eisele & King v. Raphael, 90 N. J. L. 219.*

In the present case the motions to strike out the answers and for judgment final were respectively supported by a proper affidavit verifying the cause of action, stating the amount claimed, and that there was no defence. Neither defendant filed any affidavit or submitted any proofs in reply.

In view of the uncontradicted affidavit of the plaintiff, it is clear that each defendant was the owner of the stock on account of which he was assessed, that neither defendant was a *bona fide* holder of the stock for value, and that neither defendant had taken an appeal from the order of the District Court affirming the assessment.

This leaves for consideration only the denial in the answers that there was $8.03 due on the stock per share. But as to that the defendants were concluded by the finding of the referee and its affirmance in the District Court. In a suit such as this by a trustee of a bankrupt corporation in a state court to recover an assessment for the amount remaining unpaid upon a stock subscription, in order to pay the debts of the corporation, the assessment made by the referee after hearing the stockholders, and affirmed by the United States District Court, is conclusive upon the stockholders as to the fact that the assessment is necessary, as to the amount of money required to be raised by the assessment, and as to the *pro rata* of each share of stock upon which the assessment is made. *Gilson v. Appleby, 79 N. J. Eq. 590; Swing v. Con-*

*solidated Fruit Jar Co.,* 74 *N. J. L.* 145; *Clevinger* v. *Moore,* 71 *Id.* 148.

The respective judgments brought up for review will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   14.

*For reversal*—None.